## PHILLIPS v. ARGUIMBAN.

(*Superior Court of New York City, General Term.* March 3, 1891.)

SALE—TERMS OF PAYMENT—ACTION.

In an action on a contract for sale of goods for defendant's alleged breach in refusing to pay for the goods in cash on delivery, it appeared that the contract contained no promise to pay in cash, but provided: "Terms: L/C on London, thro' Green and Whineray." *Held*, that plaintiff's construction that payment was to be in cash was equivalent to striking out the quoted terms, and should not prevail, and that the question of a subsequent modification alleged by plaintiff and denied by defendant was one of fact for the jury, and it was error to direct a verdict for plaintiff. SEDGWICK, C. J., dissenting.

Appeal from special term.

Action by John Phillips against Frank H. Arguimban. The action was brought to recover damages for an alleged breach of a written contract for the sale of 3,000 boxes of raisins by plaintiff to defendant; the breach alleged being the refusal of defendant to accept the raisins, and pay for them in cash. The raisins were sold to defendant by plaintiff's agent under a written contract, which contained the following: "Terms: L/C on London, thro' Green and Whineray." The plaintiff failed to have Green & Whineray draw a draft for the contract price of the raisins on defendant's bankers under a letter of credit and assume the liability of the plaintiff on the contract as was the understanding, which defendant alleged was a condition precedent. Plaintiff claimed that such failure was due to the refusal of Green & Whineray to do business under the arrangement, and offered evidence to show a subsequent modification of defendant's contract, whereby he promised to pay for the goods in cash on delivery. This evidence was allowed over defendant's objection, and was directly contradicted by defendant. Defendant asked to go to the jury on the question of fact thus raised, but was refused, and he duly excepted. From a judgment on the verdict, and from orders denying his motion for a new trial, defendant appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Carter & Ledyard*, for appellant. *Dill, Chandler & Seymour*, for respondent.

FREEDMAN, J. As I read the complaint and the evidence given in support thereof it appears upon plaintiff's own showing that the contract upon

which this action was brought contains no promise by the defendant to pay the price of the goods in cash on the arrival of the goods or of the bills of lading in New York, or on the delivery of the goods or of the bills of lading to him, but that the contract provided for payment by draft on defendant's London bankers, drawn by Green & Whineray, and in no other way. To hold that the contract required the defendant to pay cash on the delivery of the goods or of the documents therefor would be equivalent to striking out of the contract the words: "Terms: L/C on London, thro' Green and Whineray," and to the making of a new contract between the parties. At the trial the plaintiff seems to have been conscious of the difficulty, for he sought to overcome it by proving, against the objection and exception of the defendant, that upon the refusal of Green & Whineray to act as it was contemplated they should it was orally agreed between the parties that the defendant should accept the goods on their arrival at New York, and pay cash for them. The evidence relating to such subsequent oral agreement, constituting, as it did, an important modification of the original contract, was only admissible in case the complaint was broad enough for the purpose. Of this I have grave doubt. But, assuming that the complaint was sufficient, the defendant, under his answer, had the right to deny that such subsequent oral agreement was ever made, and he did deny it in positive terms. In that aspect the case presented a question of fact which should have been submitted to the jury, for the defendant moved for leave to go to the jury upon it, and duly excepted to the denial of the motion. As the conclusion already reached necessitates a new trial, it is not necessary to consider the other questions raised by the exceptions. I cannot refrain, however, from saying that some of the evidence sought to be introduced by the defendant upon the cross-examination of plaintiff's witnesses, and also as part of his own case, seems to have been erroneously excluded; but, as this was probably due to the mistaken view adopted by the trial judge concerning the liability of the defendant under the original contract, and inasmuch as any error so committed can be readily obviated upon the new trial to be had in conformity with the views herein expressed, a discussion of these questions at the present time may well be omitted. The judgment and orders appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

SEDGWICK, C. J., dissents.